UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICHARD RANDALL ROHL,

        Plaintiff,

  v.                                                     Case No. 17-C-725

OFFICER VER VELDE, et al.,

        Defendants.

## SCREENING ORDER

Plaintiff Richard Rohl has brought an action under 42 U.S.C. § 1983. He has also filed a motion for leave to proceed *in forma pauperis* and for the appointment of counsel. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring suit in federal court. 28 U.S.C. § 1914. The federal *in forma pauperis* statute, 28 U.S.C. § 1915, however, insures indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915 authorizes an indigent party to commence a federal court action, without costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a). Based on Rohl's affidavit of indigence, the court is satisfied that he meets the poverty requirements and his motion to proceed *in forma pauperis* will be granted.

Recognizing that some nonpaying litigants may attempt to abuse this privilege, however, Congress also authorized the courts to dismiss such a case if the allegation of poverty is untrue, or if satisfied that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2). An action is considered frivolous if there is no arguable basis for relief either in law or fact. *Neitzke*, 490 U.S. at 325. In making such determinations, the court must give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But even *pro se* allegations must contain at least "some minimum level of factual support." *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Rohl's complaint alleges a variety of injustices taking place over several years. He claims that Officer Ver Velde and other officers[1] assaulted him outside a hospital in June 2006. He also alleges that District Attorney Douglass Jones prosecuted him in violation of his right against double jeopardy and Judge Daryl Deets illegally sent him to Winnebago State Mental Hospital. Finally, Rohl claims AODA counselor Dennis Owens sexually assaulted him, although he does not provide any relevant details such as when the alleged assault occurred, where it occurred, or what happened. As

---

[1] Although Rohl names Officer J. Wilterdink as one of the five defendants, Rohl does not specifically allege any wrongdoing against Officer Wilterdink within the body of the complaint.

2

a result, the complaint fails to state a cognizable claim against any of the defendants it purports to name. There are other problems as well.

Manitowoc County Circuit Judge Daryl Deets is absolutely immune from civil liability for actions taken in his judicial capacity. *Pierson v. Ray*, 386 U.S. 547, 554-555 (1967). Assistant District Attorney Jones is likewise entitled to absolute immunity for his prosecutorial work. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Thus, any claims against those defendants must be for conduct outside of their normal judicial or prosecutorial functions.

To the extent the complaint provides any time frame for the events alleged, it appears they occurred more than ten years ago. The statute of limitations for actions under 42 U.S.C. § 1983, the statutory vehicle for alleging violations of one's constitutional rights is six years. *Gray v. Lacke*, 885 F.2d 399, 408–09 (7th Cir. 1989). Thus, it may be too late for Rohl to file suit as to at least some of his claims.

Finally, based on the court's reading of the complaint, it appears that Rohl is attempting to improperly bring unrelated claims in a single case. As instructed by the Seventh Circuit, under the controlling principle of Federal Rule of Civil Procedure 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). While a "party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party," Fed. R. Civ. P. 18(a), "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Moreover, Federal Rule of Civil Procedure 20 provides that joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or

3

series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Here, Rohl's complaint violates the Federal Rules of Civil Procedure insofar as it alleges unrelated claims against five unrelated defendants and his § 1983 action must be dismissed.

The dismissal shall be without prejudice, however. If he can do so, Rohl may file an amended complaint curing the deficiencies in the original complaint on or before **June 26, 2017**. Failure to file an amended complaint within this time period will result in dismissal of this action. Rohl is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint.

Rohl's request for the recruitment of counsel is also denied. The legal standard for deciding motions to recruit counsel under § 1915(e)(1) in the Seventh Circuit requires the district court to consider the difficulty of the case and the *pro se* plaintiff's competence to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc). Under the *Pruitt* standard, Rohl has failed to demonstrate a need for court-recruited counsel. Rohl's only justification for the appointment of counsel is that he is unable to afford one on his own. Civil litigants have no constitutional right to counsel. *McKeever v. Israel*, 689 F.2d 1315 (7th Cir.1982). Rohl should be able to recruit his own counsel if he has a meritorious claim. If he is unable to find counsel willing to take his case and needs guidance in filing his complaint, he may find assistance at the "Guide for Pro Se Litigants" at the district's website, which can be found at: http://www.wied.uscourts.gov/guides-pro-se-litigants.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is hereby **GRANTED.**

4

**IT IS FURTHER ORDERED** that, for the reasons stated, Plaintiff Rohl's complaint is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint consistent with this Order on or before June 26, 2017. Failure to file the amended complaint will result in the entry of final judgment and this case will be closed.

**IT IS FURTHER ORDERED** that, having dismissed the complaint, Plaintiff's motion for recruitment of counsel (ECF No. 3) is **DENIED**.

**SO ORDERED** this  24th  day of May, 2017.

                                         s/ William C. Griesbach
                                         William C. Griesbach, Chief Judge
                                         United States District Court